UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARL MARION WELLS,

              Plaintiff,

v.                                Case No. 3:11-cv-759-J-12JRK

PAMELA BONDI, etc.,

              Defendant.

## ORDER OF DISMISSAL

Plaintiff, currently confined at the Union Correctional Institution of the Florida Department of Corrections, is proceeding *pro se* on a civil rights complaint (Complaint) relying on 42 U.S.C. § 1983. His Ex Parte Motion to File First Amended Complaint (Doc. #3) will be granted. In the Amended Complaint, Plaintiff states that he is challenging the constitutionality of Florida criminal sentencing statute § 775.082(1)(2) and (6). Amended Complaint at 8. He asserts that this statute violates the Fourteenth Amendment of the United States Constitution, alleging a violation of his constitutional rights to procedural due process and equal protection of the law. Id. at 8-8(A). He asserts that he is not

challenging his prison sentence.[1] Id. at 8(A). Plaintiff Wells is also challenging the constitutionality of Florida criminal statute § 794.011(2),[2] alleging his rights under the Fourteenth Amendment to procedural due process and equal protection of the law have been violated. Id. at 9(B). He states he is not challenging his state prison conviction. Id.

Plaintiff has paid the $350.00 filing fee; however, the screening provisions of 28 U.S.C. § 1915A(b)(1) apply to this case. Wright v. Gadsden Cnty. Sheriff's Office, No. 4:10-cv-00474-SPM-GRJ, 2010 WL 5295309, at *1 (N.D. Fla. Dec. 17, 2010). See Lehder v. Mueller, No. 3:08-cv-690-J-20MCR, 2008 WL 2783145, at *1 (M.D. Fla. July 17, 2008) (not reported in F.Supp.2d); Sykes v. Wilkes, No. 3:06CV783J20TEM, 2006 WL 2590882, at *1 n.2 (M.D. Fla. Sept. 7, 2006) (not reported in F.Supp.2d). Indeed, although 28 U.S.C. § 1915(e) applies to plaintiffs who are proceeding in forma pauperis, 28 U.S.C. § 1915A "does not distinguish between in forma pauperis plaintiffs and plaintiffs who pay the filing fees." Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir.) (per curiam) (not selected for publication in the Federal Reporter) (citations omitted), cert. denied, 552 U.S. 994 (2007).

---

[1] Plaintiff was sentenced to life in prison in state case no. 84-CF-5822, and his conviction is from Hillsborough County, Florida.

[2] Petitioner was charged and convicted of sexual battery of a child, in violation of section 794.011(2), Fla. Stat. Florida v. Wells, 466 So.2d 291 (Fla. 2nd DCA 1985).

2

As the Defendant, Plaintiff names Pamela Bondi, the Attorney General for the State of Florida. As relief, Plaintiff asks for "[d]eclaratory [j]udgment as to constitutionality of Fla. Stat. § 775.082(1)(2) & (6) as applicable to Plaintiff and subsequent injunctive relief." Amended Complaint at 10. He also asks for "[d]eclaratory [j]udgment as to constitutionality of Fla. Stat. 794.011(2) as applicable to Plaintiff and subsequent injunctive relief." Id.

Plaintiff has attempted to present his claims in a civil rights action, asserting that he is not challenging his conviction and sentence, but, there is no doubt he is actually raising a habeas action challenging his conviction and sentence and the length of his confinement. The Court has reviewed the Amended Complaint and finds it should be dismissed pursuant to 28 U.S.C. § 1915A as Plaintiff is complaining about the constitutionality of his conviction and sentence and the length of time he will be confined in prison based on his sentence. To the extent that Plaintiff seeks post conviction relief in this action, Plaintiff may be improperly seeking to pursue successive habeas relief.[3]

---

[3] Before a second or successive habeas corpus application may be filed in a United States District Court, Plaintiff is required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district court to consider his application. See 28 U.S.C. §2244(b)(3)(A). The Court notes that Plaintiff's conviction is from Hillsborough County, Florida, which is located in the Tampa Division of this Court, and Plaintiff has previously unsuccessfully sought post conviction relief in the United States District Court for the Middle District of Florida,

3

"The PLRA requires the Court to screen Plaintiff's case to determine whether the Complaint should be dismissed on the basis that it is frivolous or malicious, it fails to state a claim upon which relief may be granted, or it seeks monetary relief from a defendant who is immune from such relief." Lehder, 2008 WL 2783145, at *1. The Court has screened Plaintiff's case and finds that this case should be dismissed pursuant to 28 U.S.C. § 1915A. Although Plaintiff has couched his claims in terms of a civil rights action, he is actually seeking post conviction relief, and he must do so through a petition for writ of habeas corpus.[4] Plaintiff may be attempting to avoid seeking authorization from the Eleventh Circuit to file a second or successive application for a writ of habeas corpus, but he cannot circumvent this requirement by raising habeas claims in a civil rights action. Therefore, this case is due to be dismissed.

Accordingly, it is now

**ORDERED:**

---

Tampa Division. See Case No. 8:92-cv-1244-SDM; Amended Complaint at 5(A)-6. The habeas petition was dismissed on August 23, 1995. Case No. 8:92-cv-1244-SDM (Doc. #22) (due to the age of this case, the order is not available on the electronic docketing system).

[4] If Plaintiff elects to file a habeas corpus petition in the United States District Court for the Middle District of Florida, the petition should be filed in the Tampa Division of this Court, since Plaintiff's conviction is from Hillsborough County, Florida.

1. Plaintiff's August 8, 2011, Ex Parte Motion to File First Amended Complaint (Doc. #3) is **GRANTED**, and the Clerk of the Court shall file Plaintiff's Amended Complaint received on August 8, 2011.

2. The Amended Complaint is **DISMISSED without prejudice**.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

4. The Clerk of the Court shall send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE AND ORDERED** at Jacksonville, Florida, this 7TH day of SEPTEMBER, 2011.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 8/19
c:
Carl Marion Wells